Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000020
31-JAN-2018
08:21 AM

NOS. CAAP-15-0000020 and CAAP-15-0000470

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-15-0000020**
CENTURY CAMPUS HOUSING MANAGEMENT, L.P.,
Plaintiff/Counterclaim Defendant-Appellee,
v.
ELDA HANA, LLC and 2280 KUHIO AVENUE DEVELOPMENT, LLC,
Defendants/Counterclaim Plaintiffs-Appellants

---

2280 KUHIO AVENUE DEVELOPMENT, LLC,
Third-Party Plaintiff-Appellant,
v.
HAWAIIAN ISLAND HOMES, LTD., PETER B. SAVIO, as President of
Hawaiian Island Homes, Ltd., GARRET TOM, as Chief Financial
Officer of Hawaiian Island Homes, Ltd., Third-Party
Defendants-Appellees,
and
DOE DEFENDANTS 1-10, et al., Defendants
AND
**CAAP-15-0000470**
CENTURY CAMPUS HOUSING MANAGEMENT, L.P.,
Plaintiff/Counterclaim Defendant-Appellee,
v.
ELDA HANA, LLC and 2280 KUHIO AVENUE DEVELOPMENT, LLC,
Defendants/Counterclaim Plaintiffs-Appellants

---

2280 KUHIO AVENUE DEVELOPMENT, LLC,
Third-Party Plaintiff-Appellant,
v.
HAWAIIAN ISLAND HOMES, LTD., PETER B. SAVIO, as President of
Hawaiian Island Homes, Ltd., GARRET TOM, as Chief Financial
Officer of Hawaiian Island Homes, Ltd, Third-Party
Defendants-Appellees,
and
DOE DEFENDANTS 1-10, et al. Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0680-03)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

In this consolidated appeal, Defendants-Appellants Counterclaimants Elda Hana, LLC (**Elda Hana**) and 2280 Kuhio Avenue Development, LLC (**Kuhio Avenue Development**)[1] appeal from: (1) the December 22, 2014 "Final Judgment" entered against them and in favor of Plaintiff-Appellee Counterclaim Defendant Century Campus Housing Management, L.P. (**Century Campus**) as to Counts III and IV of the Counterclaim (**Judgment**); (2) the November 10, 2014 Amended Order Granting in Part and Denying in Part Defendants' Non-Hearing Motion to Amend the Counterclaim (**Amended Order**); (3) the April 16, 2015 Order Granting Century Campus's Motion for Attorneys' Fees and Costs (**Order Granting Fees**); and (4) the September 2, 2015 Order Denying Defendants' Motion to Set Aside the Order Granting Century Campus's Motion for Attorneys' Fees and Costs (**Order Denying Set Aside**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]

I.  BACKGROUND FACTS

    A.    The Management Agreements

    On October 21, 2005, Century Campus, a property management company, entered into a management agreement with 1138 Student Suites, LLC (**1138 Student Suites**), which was denominated in the agreement as the "Owner" (**2005 Hana Agreement**).  Century Campus was appointed as Owner's agent and agreed to manage a 73-unit student housing project located at 2424 Koa Avenue in

_____

    [1]    Elda Hana and Kuhio Avenue Development may be collectively referred to as **Defendants** or **Appellants**.

    [2]    The Honorable Karen T. Nakasone presided.

2

Honolulu, Hawai'i (**Hana Property**). The 2005 Hana Agreement states that Peter Savio (**Peter**) would be the "Owner Representative" and that the Owner['s] Representative was authorized to "approve in writing any ancillary agreements or documents concerning the Premises . . . or concerning the construction, operation or maintenance of the Premises or to alter or amend any such ancillary agreements or to give any approval or consent of Owner required under the terms of [the] Agreement" and had no implied authority beyond the specific authority granted in the management agreement. Peter signed the 2005 Hana Agreement on behalf of 1138 Student Suites, with no specification as to his title or capacity.

On November 11, 2008, Century Campus and 1138 Student Suites, then named as Hana LLC, entered into an agreement to terminate the 2005 Hana Agreement, effective August 1, 2008. Peter signed the termination agreement for Hana Student Suites LLC, with no specification as to his title or capacity.

On September 1, 2006, Century Campus entered into a substantially similar management agreement with Ohia Student Suites LLC (**Ohia Student Suites**), which was denominated in the agreement as "Owner" (**2006 Ohia Agreement**). Century Campus was appointed as Owner's agent and agreed to manage a 251-unit student housing project located on 2280 Kuhio Avenue in Honolulu, Hawai'i (**Ohia Property**). The 2006 Ohia Agreement states that Peter would be the "Owner Representative" with the same authority as described in the 2005 Hana Agreement, but with respect to the Ohia Property. Peter signed the 2006 Ohia Agreement on behalf of

3

Ohia Student Suites, "By: 1138 Development Co., Inc.," but again with no specification as to his title or capacity.

Also on November 11, 2008, Century Campus and Ohia Student Suites, then named as Hawaiian Island Student Suites, LLC, entered into an agreement to terminate the 2006 Ohia Agreement, effective August 1, 2008. Peter signed the termination agreement, as the President and Director of Hawaiian Island Holdings, Inc., the sole member of Hawaiian Island Student Suites, LLC.

It appears that, sometime in 2008, Century Campus entered into a new agreement to manage the Ohia Property, with Kuhio Avenue Development (**2008 Kuhio Agreement**). It also appears that, sometime in 2008, Century Campus also entered into a new agreement to manage the Hana Property, with Elda Hana (**2008 Elda Agreement**). Neither party cites directly to either of these agreements and upon careful review of the record on appeal, it does not appear that either of these documents are contained in the record.

B.   Procedural History

On March 30, 2010, Century Campus filed a Complaint against Elda Hana and Kuhio Avenue Development, asserting claims of breach of the 2008 Elda Agreement and the 2008 Kuhio Agreement (collectively, the **2008 Management Agreements**). Century Campus asserted that Kuhio Avenue Development had an outstanding and overdue balance under the 2008 Kuhio Agreement and that Elda Hana had an outstanding and overdue balance under the 2008 Elda Agreement.

4

On July 3, 2014, the parties entered into a stipulation for partial dismissal with prejudice, wherein it was agreed and approved that all of the claims in Century Campus's Complaint were dismissed with prejudice pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 41(a)(1).

On June 12, 2012, Appellants filed an Answer to the Complaint (**Answer**) and a Counterclaim (**Counterclaim**), asserting claims of breach of contract (Counts I, II, III, and IV), breach of implied covenant of good faith and fair dealing (Count V), and fraud (Count VI).[3]   Count I of the Counterclaim alleges that Century Campus breached the 2008 Kuhio Agreement, which the Counterclaim refers to as the Ohia Management Agreement II. Count II alleges that Century Campus breached the 2008 Elda Agreement, which the Counterclaim refers to as the Hana Management Agreement II.   Count III alleges that Century Campus breached the 2006 Ohia Agreement "of which [Kuhio Avenue Development] was an intended third-party beneficiary."  Count IV alleges that Century Campus breached the 2005 Hana Agreement "of which [Elda Hana] was an intended-third party beneficiary." Count V alleges that Century Campus breached "implied covenants of good faith and fair dealing in its management agreements" with Kuhio Avenue Development and Elda Hana.   Count VI alleges that Century Campus made fraudulent representations to Kuhio Avenue Development and Elda Hana concerning the amounts owed by them to

---

[3]   On June 22, 2012, Kuhio Avenue Development filed a Third-Party Complaint against Hawaiian Island Homes, Ltd., Peter, and Garret Tom, which was amended on February 25, 2013.  The Third-Party Complaint was dismissed in an order entered on April 25, 2014.

Century Campus. Century Campus filed an Answer to the Counterclaim on July 30, 2012.

On December 20, 2013, Century Campus filed two motions for partial summary judgment. The first motion, which is the subject of this appeal, sought the entry of summary judgment in favor of Century Campus and against Kuhio Avenue Development and Elda Hana on Counts III and IV of the Counterclaim on the grounds that Kuhio Avenue Development and Elda Hana are not intended third-party beneficiaries of the 2006 Ohia Agreement and the 2005 Hana Agreement, respectively.[4] Century Campus further argued that Texas law should be applied, as both the 2006 Ohia Agreement and the 2005 Hana Agreement state that "[t]he execution, interpretation, and performance of this Agreement shall in all respects be controlled and governed by the laws of the State of Texas." In support of the motion, Century Campus submitted copies of the agreements and the Declaration of Jim G. Short (**Short**), the former President of Century Campus's general partner, as well as certain discovery responses, which are not otherwise referenced in Century Campus's motion or memorandum in support. Short denied that Century Campus had any knowledge or belief that Hana and Elda Properties were owned by any entity other than 1138 Student Suites and Ohia Student Suites, at the time the 2005 Hana and 2006 Ohia Agreements were entered into, and denied that Century Campus intended to benefit any entities other than the parties to the agreements.

---

[4] The other partial summary judgment motion, which sought summary judgment on Count VI of the Counterclaim (fraudulent representations), was granted in an order entered on February 27, 2014.

In a memorandum in opposition filed on January 28, 2014, Kuhio Avenue Development and Elda Hana argued that Century Campus knew that Kuhio Avenue Development and Elda Hana were the "true owners" of the subject properties, and that Kuhio Avenue Development and Elda Hana were clearly the intended beneficiaries of the agreements and the disclosed principals for whom Century Campus was working. Kuhio Avenue Development and Elda Hana acknowledged the choice of law provision in the agreements but nevertheless argued that, under Hawai'i conflict of law jurisprudence, Hawai'i law should be applied to determine Kuhio Avenue Development and Elda Hana's third-party beneficiary status.

In support of the opposition, Kuhio Avenue Development and Elda Hana submitted, *inter alia*, the Declaration of Marcus Fullard-Leo (**Fullard-Leo**), Chief Operating Officer of F-L Management, Inc., their "entity manager of record." Fullard-Leo averred, *inter alia*, that: (1) Peter acted as an agent of Kuhio Avenue Development and Elda Hana for the purposes of managing the Ohia and Hana Properties; (2) under an attached Subordination Agreement, Elda Hana leased the Hana Property to 1138 Student Suites, later known as Hana Student Suites, LLC; (3) the licensed Principal Broker for the 2005 Hana Agreement was Mary Savio (**Mary**), Peter's mother, who was responsible for all real-estate related contracts, including the management agreements, and that Mary was fully aware of both properties' ownership; (4) the Subordination Agreement was signed by Short for Century Campus, as well as by the principals of Elda Hana; (5) Campus Century

7

also drafted and executed an attached Marketing and Leasing Agreement for the Ohia Property in March of 2006; (6) upon Short's request to Fullard-Leo, Kuhio Avenue Development paid outstanding invoices on the 2006 Ohia Agreement; and (7) Century Campus has continued to assert that Kuhio Avenue Development and Elda Hana are responsible for payments due to Century Campus under the 2005 Hana and 2006 Ohia Agreements. Defendants also submitted additional declarations and exhibits, including the Declaration of Steven Sofos, a real estate professional, who attested to the duties and industry standards applicable to property managers and principal brokers. Century Campus filed a reply memorandum.

The Circuit Court held a hearing on February 5, 2014. Century Campus reiterated arguments advanced in their filings. Kuhio Avenue Development and Elda Hana argued that the 2005 Hana Agreement and 2006 Ohia Agreement are invalid because (1) the agreements were not signed by a principal broker, and (2) they are "third-party beneficiaries under Texas law based on the creditor beneficiary exception." Defendants acknowledged that their creditor beneficiary exception argument was not discussed in its memorandum in opposition, and offered to provide supplemental briefing. However, the Circuit Court declined to consider the newly-raised arguments regarding the validity of the agreements and the purported creditor beneficiary exception. The Circuit Court orally granted the motion for summary judgment on Counts III and IV of the Counterclaim and a written order was

entered on February 18, 2014 (**Summary Judgment Order**).  In the

Summary Judgment Order, the Circuit Court stated:

> Both the 2005 Hana Agreement and the 2006 Ohia Agreement contain choice of law provisions requiring that they be interpreted and construed under Texas law.  Under a Texas law analysis, the intention of the contracting parties is controlling.  Employing Texas law, the Court looks within the four corners of the agreements to determine whether the contracting parties intended to confer a direct benefit on Counterclaimants.  Texas law further requires that the Court determine whether the contracting parties intended for Counterclaimants to have the right to file suit to enforce the agreements.
>
> Based on its review of the 2005 Hana Agreement and the 2006 Ohia Agreement, the Court finds that the pertinent contract provisions are clear and unambiguous.  There is no language in either agreement indicating that the contracting parties intended to confer a direct benefit and/or any enforcement rights upon either of the Counterclaimants.  In fact, Counterclaimants are not referenced in the agreements at all.
>
> Accordingly, the Court concludes that Counterclaimants are not intended third-party beneficiaries under either the 2005 Hana Agreement or the 2006 Ohia Agreement.

As discussed further below, on April 1, 2014, Kuhio

Avenue Development and Elda Hana filed a Motion to Amend the

Counterclaim (**Motion to Amend**), which sought to:  (1) withdraw

claims already dismissed; (2) clarify the claims alleged; and (3)

add additional claims.  On June 18, 2014, the Motion to Amend was

denied.  Ultimately, the Motion to Amend was granted in part and

denied in part in the Amended Order, which was entered on

November 10, 2014.  The Circuit Court denied Defendants' motion

for reconsideration of the Amended Order.

On May 19, 2014, the Circuit Court entered a

Clarification to Order Granting [Century Campus's] Motion for

Partial Summary Judgment as to Count III and Count IV of the

Counterclaim "[i]n the interest of clarifying the existing record

and eliminating any future discovery disputes on the issue *infra*,

that have been brought to the court's attention at a status

conference" (Clarification Order). In the Clarification Order,
the Circuit Court stated:

> No principal/agent relationship theory was pled in
> Counts III and IV of the Counterclaim, nor is such theory
> mentioned in the incorporated paragraphs preceding Counts
> III and IV.
>
> The first and only time the principal/agent theory is
> mentioned is on page 2 of the Defendants' Memorandum in
> Opposition, filed January 28, 2014, to the summary judgment
> motion, filed December 20, 2013, wherein principal/agent
> theory is mentioned in one sentence in an introductory
> paragraph. The principal/agent theory was not argued
> anywhere in the opposition memorandum. A single
> introductory sentence mentioning principal/agent theory is
> not argument. Therefore, the principal/agent theory was not
> argued, raised, or preserved, in the opposition memorandum,
> as required by court rule.
>
> RCCH Rule 7(b) requires that "A reply must respond
> only to arguments raised in the opposition." (Emphasis
> added.) No argument on principal/agent theory was presented
> in the opposition memorandum that the reply herein needed to
> respond to.
>
> Presenting oral argument on the principal/agent theory
> for the first time during the hearing on the motion, which
> was not argued in the opposition memorandum, is insufficient
> and improper. No ruling by the Court can, or should be
> made, on a theory that was never pled, never properly raised
> or argued, and thus not preserved.
>
> The February 18, 2014 Summary Judgment Order clearly
> dismissed the only two counts relating the 2005-2006
> management agreements, Counts III and IV, in their entirety.
> Accordingly, the only claims remaining in this action,
> relate to the 2008-2009 management agreements.

On July 11, 2014, Kuhio Avenue Development and Elda
Hana moved for reconsideration of the Summary Judgment Order and
Clarification Order under HRCP Rule 54(b) and Rule 60(b), or in
the alternative, requested that the court permit supplemental
briefing.[5] Kuhio Avenue Development and Elda Hana made numerous
arguments, including lack of prejudice, inadvertent mistake,
excusable neglect, and exceptional circumstances. Century Campus
filed an opposition, which included a cross-motion seeking HRCP

---

[5] This motion did not seek relief from the Circuit Court's order
denying the motion to amend the Counterclaim.

Rule 54(b) certification of the Summary Judgment Order and the Clarification Order. On September 8, 2014, the Circuit Court denied the motion for reconsideration and denied the cross-motion for HRCP Rule 54(b) certification without prejudice.

Thereafter, on September 25, 2014, Kuhio Avenue Development and Elda Hana filed a motion for HRCP Rule 54(b) certification of the Summary Judgment Order, the Clarification Order, and the order denying reconsideration. Century Campus filed a joinder. On November 17, 2014, the Circuit Court entered an order granting the requested HRCP Rule 54(b) certification and vacating the May 18, 2015 trial date. On December 22, 2014, the Circuit Court entered the Judgment, which was entitled "Final Judgment," and which entered judgment in favor of Century Campus as to Counts III and IV of the Counterclaim pursuant to HRCP Rule 54(b). On January 10, 2015, Kuhio Avenue Development and Elda Hana filed a notice of appeal from the Judgment in CAAP-15-0000020.

In addition, pursuant to further motions stemming from Kuhio Avenue Development and Elda Hana's Motion to Amend, and denial of reconsideration of that motion, on January 22, 2015, the Circuit Court entered an Order Granting Elda Hana and Kuhio Avenue Development's Motion for Leave to File an Interlocutory Appeal. The Circuit Court explained that, in light of the HRCP Rule 54(b) appeal of the judgment on Counts III and IV and the fact that the trial date was vacated, appellate review of issues related to Elda Hana and Kuhio Avenue Development's request for

further amendments to the Counterclaim would more speedily terminate this litigation.

C.     Requests to Amend Counterclaim

As noted above, Defendants filed the Motion to Amend on April 1, 2014. In opposition, Century Campus contended that the Motion to Amend was an improper attempt to "circumvent summary judgment and avoid the consequences of having lost their breach of contract claims under the prior management agreements" and that the delay in adding claims was inexcusable and prejudiced Century Campus. In addition, Century Campus argued that the proposed amendments were futile. After Defendants filed a reply memorandum, on June 17, 2014, the Circuit Court denied the Motion to Amend for the following reasons, "as explained more fully in Century's Opposition and the authorities cited therein:" (1) improper circumvention of the Summary Judgment Order; (2) undue delay; (3) inexcusable delay; and (4) undue prejudice to Century Campus.

On June 30, 2014, Defendants filed a motion for reconsideration, arguing that the continuance of trial to May 18, 2015, along with the extension of the discovery deadlines, eliminated any potential prejudice to Century Campus and that amendment was necessary to avoid the manifest injustice of denying Defendants the right to have their claims heard on the merits, without any chance to correct inartful drafting. In opposition, Century Campus argued, *inter alia*, that Defendants' breach of contract claims in Counts III and IV had already been disposed of without Defendants preserving their agency theory at

the time of summary judgment. On September 11, 2014, the Circuit Court entered an order denying Defendants' motion for reconsideration.

Nevertheless, at the October 6, 2014 hearing on Defendants' motion for leave to file an interlocutory appeal, the Circuit Court expressed its inclination to *sua sponte* reconsider its orders denying leave to amend the Counterclaim because "with respect to agent-principal liability, [the Summary Judgment Order was] not an on-the-merits decision. It was procedural and technical in nature." Supplemental briefing was filed by both parties on October 24, 2014. Century Campus argued that, if the Circuit Court was concerned that the Summary Judgment Order did not adequately address the agency issue, it should enter a clarification order, rather than to allow Defendants to amend their breach of contract claims. Defendants argued that summary judgment was not entered against them in the Summary Judgment Order on their claim that they were entitled to prosecute breach of contract claims based on their principal-agent relationships, that the Clarification Order specifically ruled that they had not pled a principal-agent relationship, and that they should be allowed to amend the Counterclaim to clearly assert those claims.

On November 10, 2014, in the Amended Order, the Circuit Court allowed Defendants to amend the Counterclaim with respect to the breach of contract claims arising out of the 2008 Management Agreements (Counts I and II) and the breach of the implied covenant of good faith and fair dealing claim to the

13

extent it arose out of the 2008 Management Agreements (Count V), but denied Defendants' motion with respect to the remaining requested amendments, including Defendants' request to more clearly assert breach of contract claims arising out of the 2005 Hana Agreement and 2006 Ohia Agreement based on their principal-agent relationships with 1138 Student Suites and Ohia Student Suites. Regarding the denied relief, the Circuit Court stated:

> The motion is DENIED IN PART, with respect to the remaining requested amendments, on the following grounds as explained more fully in [Century Campus's] Opposition and the authorities cited therein:
> 1. Improper circumvention of the Court's prior rulings on summary judgment;
> 2. Law of the case;
> 3. Undue delay;
> 4. Inexcusable delay;
> 5. Undue prejudice to opposing party;
> 6. As to claims arising out of the 2005 and 2006 agreements, futility based on statute of limitations;
> 7. As to the Fraudulent Inducement, Constructive Fraud, Negligent Misrepresentation claims, futility based on violation of HRCP Rule 9(b) and lack of an actionable claim.
> 8. As to Breach of Fiduciary Duty, futility based on lack of an actionable claim.

As noted above, on November 24, 2014, the Circuit Court denied reconsideration of the Amended Order.

On December 17, 2014, Defendants filed an *ex parte* motion for extension of time to file a notice of appeal pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(4)(A), which was granted on December 19, 2014.

On December 19, 2014, Defendants filed a motion for leave to assert an interlocutory appeal from the Amended Order and denial of its reconsideration (**Motion for Leave**). Following additional briefing, on January 22, 2015, the Circuit Court entered an order granting Defendants' Motion for Leave, which

14

determined that the resolution of the issues raised in the Amended Order "will more speedily terminate this litigation." The Circuit Court found that appellate review was the "most efficient route" for the court and parties because "Defendants have already filed a Notice of Appeal on Counts III and IV of the Counterclaim and the Court has previously vacated the trial date effectively staying the entire case[.]" On January 23, 2015, Defendants filed an additional notice of appeal in CAAP-15-0000020.

D.    Motion for Fees and Costs

On January 2, 2015, Century Campus filed a motion for attorneys' fees and costs (**Motion for Fees and Costs**), requesting fees and costs arising out of its defense of Counts III and Count IV of the Counterclaim. Century Campus requested fees in the amount of $72,371.60, general excise taxes of $3,410.15 and costs in the amount of $1,768.62.

On January 12, 2015, Kuhio Avenue Development and Elda Hana filed a memorandum in opposition to Century Campus's Motion for Fees and Costs, contending that Century Campus's motion for fees and costs is premature because not all the counts in the Counterclaim have been decided. They further argued that Century Campus's fees are "unreasonable and overinclusive."

On April 16, 2015, the Circuit Court entered the Order Granting Fees, awarding $62,750.80 in fees, $2,956.82 in general excise tax, and $1,137.71 in costs.

On May 4, 2015, Kuhio Avenue Development and Elda Hana filed a motion to set aside the Fees Order (**Motion to Set Aside**) under HRCP Rules 7 and 54(b) and HRAP Rule 4(a)(3), arguing that the Motion for Fees and Costs was deemed denied under HRAP Rule 4(a)(3) and thus, the Order Granting Fees is a "nullity and should be set aside."

On May 8, 2015, Kuhio Avenue Development and Elda Hana filed an *ex parte* motion for extension of time to file a notice of appeal pursuant to HRAP Rule 4(a)(4)(A). The Circuit Court granted the motion to extend on May 11, 2015.

On May 14, 2015, Century Campus filed a memorandum in opposition to the Motion to Set Aside, arguing that the Circuit Court lacked jurisdiction to consider the motion. Century Campus contended that the entry of the Order Granting Fees "divest[ed] the [Circuit] Court of any further jurisdiction with respect to Century's attorneys' fees and costs motion."

On May 18, 2015, Kuhio Avenue Development and Elda Hana filed a reply, again asserting that Century Campus's Motion for Fees and Costs was deemed denied under HRAP Rule 4(a)(3) and further arguing that the Motion to Set Aside was procedurally proper under HRCP Rule 54(b) or in the alternative HRCP Rule 60(b).

On June 17, 2015, Kuhio Avenue Development and Elda Hana filed a notice of appeal from the Order Granting Fees, in CAAP-15-0000470.

16

On September 2, 2015, the Circuit Court entered an order denying Kuhio Avenue Development and Elda Hana's Motion to Set Aside (**Set Aside Order**). In the Set Aside Order, the Circuit Court stated that it denied the motion "for the reasons set forth in [Century Campus's] Memorandum in Opposition[.]"

On September 18, 2015, Kuhio Avenue Development and Elda Hana filed a second notice of appeal in CAAP-15-0000470 from the Set Aside Order.

On November 24, 2015, CAAP-15-0000020 and CAAP-15-0000470 were consolidated for appellate review.

II. POINTS OF ERROR

In CAAP-15-0000020, Kuhio Avenue Development and Elda Hana argue that the Circuit Court erred when it granted Century Campus's Motion for Summary Judgment, including when it refused to allow supplemental briefing, and when it denied in part Appellants' Motion to Amend.

In CAAP-15-0000470, Kuhio Avenue Development and Elda Hana argue that the Circuit Court erred when it: (1) granted Century Campus's Motion for Fees and Costs after the motion was deemed denied under HRAP Rule 4(a)(3); (2) determined that it lacked jurisdiction to set aside the April 16, 2015 Order Granting Fees; (3) awarded attorneys' fees under Hawaii Revised Statutes (**HRS**) § 607-14; and (4) awarded an unreasonable and over-inclusive amount for attorneys' fees.

17

III. APPLICABLE STANDARDS OF REVIEW

The Hawai'i Supreme Court has held:

> On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State ex rel. Anzai v. City and County of Honolulu*, 99 Hawai'i 508, [515], 57 P.3d 433, [440] (2002); *Bitney v. Honolulu Police Dep't*, 96 Hawai'i 243, 250, 30 P.3d 257, 264 (2001).

> > [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

> *Kahale v. City and County of Honolulu*, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

Nuuanu Valley Ass'n v. City & Cty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008). Furthermore,

> [t]he burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.

> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

Ralston v. Yim, 129 Hawai'i 46, 56-57, 292 P.3d 1276, 1286-87 (2013) (format altered) (quoting French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004)).

> In sum, this court's case law indicates that a summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant will be unable to carry his or her burden of proof at trial. Where the movant attempts to meet his or her burden through the latter means, he or she must show not only that the non-movant has not placed proof in the record, but also that the movant will be unable to offer proof at trial. Accordingly, in general, a summary judgment movant cannot merely point to the non-moving party's lack of evidence to support its initial burden of production if discovery has not concluded.

Id. at 60-61, 292 P.3d at 1290-91 (emphasis and citations omitted).

"The question of the choice of law to be applied in a case is a question of law reviewable de novo. Therefore, a choice of law issue is a question of law we review under the right/wrong standard." Mikelson v. United States Auto. Ass'n, 107 Hawai'i 192, 197, 111 P.3d 601, 606 (2005) (citations, brackets and internal quotation marks omitted).

> [The appellate] court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to [the appellate] court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of Emps. Ret. Sys., 106 Hawai'i 416, 431, 106 P.3d 339, 354 (2005) (citations, quotation marks, original brackets, and ellipses omitted).

The appellate courts review a denial of leave to amend a complaint pursuant to HRCP Rule 15(a) under the abuse of

19

discretion standard. <u>Gonsalves v. Nissan Motor Corp. in Haw.</u>, Ltd., 100 Hawai'i 149, 158, 58 P.3d 1196, 1205 (2002) (stating that "this court reviews the [court's] denial of a motion to amend a complaint under the abuse of discretion standard"). "An abuse of discretion occurs 'where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'" <u>State ex rel. Bronster v. U.S. Steel Corp.</u>, 82 Hawai'i 32, 54, 919 P.2d 294, 316 (1996) (citations omitted).

"The interpretation of a rule promulgated by the courts involves principles of statutory construction." <u>Cresencia v. Kim</u>, 85 Hawai'i 334, 335-36, 944 P.2d 1277, 1278-79 (1997) (citation omitted). "[T]he interpretation of a statute . . . is a question of law reviewable *de novo*." <u>State v. Bohannon</u>, 102 Hawai'i 228, 232, 74 P.3d 980, 984 (2003) (citations omitted).

IV. <u>DISCUSSION</u>

    A.    <u>Summary Judgment on Counts III and IV</u>

        1.    <u>Third-Party Beneficiary Arguments</u>

Count IV of the Counterclaim alleges that Century Campus breached the 2005 Hana Agreement, of which Elda Hana was an intended third-party beneficiary. As noted above, in its summary judgment motion, Century Campus argued that Texas law applies and that, under Texas law, Elda Hana is not a third-party beneficiary. Elda Hana urged the Circuit Court to instead apply Hawai'i law, and to conclude that there is a genuine issue of material fact as to whether Elda Hana was an intended third-party

20

beneficiary, because Elda Hana was the actual owner of the Hana Property and Century Campus knew that Elda Hana was the actual owner. The declarations and exhibits submitted by Elda Hana offered factual support for the assertion that it was the owner of the property and that Century Campus knew of its ownership.

On appeal, Elda Hana tacitly acknowledges that Texas law applies. We agree. Section 26 of the 2005 Hana Agreement provides that "[t]he execution, interpretation, and performance of this Agreement shall in all respects be controlled and governed by the laws of the State of Texas." Hawai'i recognizes the enforceability of choice of law provisions in contracts. See Airgo, Inc. v. Horizon Cargo Transp., Inc., 66 Haw. 590, 595, 670 P.2d 1277, 1281 (1983) ("When the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied."). Thus, Texas law governs our analysis of whether Elda Hana is entitled to third-party beneficiary status.

Both parties have cited to the Texas Supreme Court's analysis of its third-party beneficiary doctrine in MCI Telecomm. Corp. v. Texas Util. Elec. Co., 995 S.W.2d 647 (Tex. 1999). The Texas court's statement of the third-party beneficiary doctrine under Texas law is as follows:

> When a contract is not ambiguous, the construction of the written instrument is a question of law for the court. We review the trial court's legal conclusions de novo. . . .
>
> The fact that a person might receive an incidental benefit from a contract to which he is not a party does not

give that person a right of action to enforce the contract. A third party may recover on a contract made between other parties only if the parties intended to secure some benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit.

To qualify as one for whose benefit the contract was made, the third party must show that he is either a donee or creditor beneficiary of, and not one who is benefitted only incidentally by the performance of, the contract. One is a donee beneficiary if the performance promised will, when rendered, come to him as a pure donation. If, on the other hand, that performance will come to him in satisfaction of a legal duty owed to him by the promisee, he is a creditor beneficiary. As the court of appeals noted, this duty may be an "indebtedness, contractual obligation or other legally enforceable commitment" owed to the third party.

In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling. A court will not create a third-party beneficiary contract by implication. The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied. Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third party to benefit from the contract.

. . . .

Furthermore, there is a presumption against, not in favor of, third-party beneficiary agreements. Absent clear indication in the contract that [the parties to the contract] intended to confer a direct benefit to [the third party], [the third party] may not maintain an action as a third-party beneficiary.

Id. at 650-52 (citations omitted).

Elda Hana argues on appeal that it is a "creditor beneficiary" under Texas third-party beneficiary law. As stated above, there are two types of third-party beneficiaries under Texas law, donee beneficiaries and creditor beneficiaries, and a creditor beneficiary is one who is owed a legal duty, as opposed to one who simply receives a pure donation. Id. at 651. Either way, however, the "third party may recover on a contract made between other parties only if the parties intended to secure some

benefit to that third party, and <u>only if the contracting parties entered into the contract directly for the third party's benefit</u>." <u>Id.</u> (emphasis added). Indeed, "[t]he fact that a person might receive an incidental benefit from a contract to which he is not a party does not give that person a right of action to enforce the contract." <u>Id.</u> Most importantly perhaps, "[t]he intention to contract or confer a <u>direct benefit</u> to a third party <u>must be clearly and fully spelled out</u> or enforcement by the third party must be denied." <u>Id.</u> (emphasis added).

Citing its well-established jurisprudence, the Texas Supreme Court recently re-affirmed that this means that the "direct benefit" to the third party must be "clearly and fully spelled out" in the contract that the third party is seeking to enforce:

> To determine whether the contracting parties intended to directly benefit a third party and entered into the contract for that purpose, <u>courts must look solely to the contract's language</u>, construed as a whole. The contract must include "a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party," and any implied intent to create a third-party beneficiary is insufficient. Courts may not presume the necessary intent. To the contrary, "we must begin with the presumption" that the parties contracted solely "for themselves," and only a clear expression of the intent to create a third-party beneficiary can overcome that presumption. <u>If the contract's language leaves any doubt about the parties' intent, those "doubts must be resolved against conferring third-party beneficiary status."</u> Although a contract may expressly provide that the parties do not intend to create a third-party beneficiary, the absence of such language is not determinative. "Instead, the controlling factor is the absence of any sufficiently clear and unequivocal language demonstrating" the necessary intent.

<u>First Bank v. Brumitt</u>, 519 S.W.3d 95, 102-03 (Tex. 2017) (citations omitted; emphasis added).

Here, Elda Hana does not point to any language in the 2005 Hana Agreement. Instead, Elda Hana argues that Century Campus owed it a legal duty under a 2005 Subordination Agreement. This argument is wholly without merit. Under the 2005 Subordination Agreement, 1138 Student Suites, as Master Lessee, and Century Campus, as Property Manager, clearly and unambiguously acknowledged and agreed that all of their rights were subordinate to the rights of the secured lender who loaned moneys to Elda Hana, the Master Lessor.[6] Nothing in the 2005 Hana Agreement, or the 2005 Subordination Agreement, clearly, fully, and unequivocally expressed 1138 Student Suites and Century Campus's intent to enter into the 2005 Hana Agreement for Elda Hana's direct benefit. Therefore, we conclude that under Texas law, Elda Hana is not a third-party beneficiary entitled to enforce the 2005 Hana Agreement.

Similarly, Count III of the Counterclaim alleges that Century Campus breached the 2006 Ohia Agreement, of which Kuhio Avenue Development was an intended third-party beneficiary. Kuhio Avenue Development argues that it is a creditor beneficiary of the 2006 Ohia Agreement, based on a Marketing and Leasing Agreement between Kuhio Avenue Development and Century Campus because at the time Century Campus entered into the Marketing and Leasing Agreement Century Campus was fully aware that Kuhio

---

[6] The 2006 Subordination Agreement contained various notice, cooperation, and other provisions incident to the subordination, which are not relevant to this analysis.

Avenue Development was the "true owner" of the Ohia Property. This argument is equally without merit. While Kuhio Avenue Development's ownership of the Ohia Property may have allowed it to receive an incidental benefit from the 2006 Ohia Agreement, that is insufficient under Texas law to create third-party beneficiary status. Nothing in the 2006 Ohia Agreement, which is also expressly governed by Texas law, or the Marketing and Leasing Agreement, clearly, fully, and unequivocally expressed Ohia Student Suites and Century Campus's intent to enter into the 2006 Ohia Agreement for Kuhio Avenue Development's direct benefit. Therefore, we conclude that under Texas law, Kuhio Avenue Development is not a third-party beneficiary entitled to enforce the 2006 Ohia Agreement.

2. Agency Arguments

On appeal, Elda Hana and Kuhio Avenue Development argue that summary judgment as to the breach of contract claims in Counts III and IV should have been denied, at least in part, because they were the principals, and 1138 Student Suites and Ohia Student Suites were their agents, with respect to the 2005 Hana Agreement and 2006 Ohia Agreement. Appellants further argue that their agency arguments were raised, albeit weakly, in their written opposition to Century Campus's summary judgment motion, and more clearly at oral argument on the motion, and that, to the extent necessary, they should have been allowed supplemental briefing on the supporting legal authorities. Century Campus

submits that Appellants never properly pled or argued their principal-agent theory, and thus failed to preserve it.

On the overall record in this case, we consider Century Campus's argument, and the Circuit Court's ultimate rulings to that effect, to be inconsistent with Hawai'i's liberal notice pleading principles, which generally favor allowing claims to be heard on the merits, and the applicable summary judgment standard, whereby all evidence and inferences are viewed in the light most favorable to the non-moving party. See, e.g., Tokuhisa v. Cutter Management Co., 122 Hawai'i 181, 192, 223 P.3d 246, 257 (App. 2009) ("Under Hawai'i's 'notice pleading' approach, it is 'no longer necessary to plead legal theories with precision.'") (citation and ellipses omitted); Nuuanu Valley Ass'n, 119 Hawai'i at 96, 194 P.3d at 537 (summary judgment standard). In the first instance, in the Summary Judgment Order, the Circuit Court was silent as to Defendants' evidence and argument that they should be allowed to pursue breach of contract claims as to the 2005 Hana Agreement and 2006 Ohia Agreement based on their alleged principal-agent relationships with 1138 Student Suites and Ohia Student Suites. Later however, in the Clarification Order, the Circuit Court stated that Defendants' argument on the principal-agent theory was, *inter alia*, "insufficient and improper" and clarified that the Summary Judgment Order dismissed Defendants' breach of contract claims arising out of the 2005 and 2006 agreements "in their entirety." Thus, we address the summary adjudication of these claims.

26

Under Texas law, it is well-settled that an agent may make a contract for a principal in his own name, and that the latter may sue or be sued on the contract. See, e.g., Latch v. Gratty, Inc., 107 S.W.3d 543, 546 (Tex. 2003), citing First Nat'l Bank of Wichita Falls v. Fite, 115 S.W.2d 1105, 1109-10 (Tex. 1938). Thus, we examine the evidence in the record before the Circuit Court on summary judgment. In his Declaration, Fullard-Leo avers, *inter alia*:

> 2. Peter Savio ("Savio") acted as an agent of KAD and Elda for purposes of managing both the property located at 2880 Kuhio Avenue, Honolulu, Hawaii (the "Ohia") and the property located at 2424 Koa Avenue, Honolulu Hawaii (the "Hana," and collectively with the Ohia, the "Properties"), respectively. In the management of both Properties, Savio was to be paid a management fee.

> 3. As noted in the Subordination Agreement addressed below, under a ground lease dated November 1, 2005, Elda leased the Hana property to 1138 Student Suites, LLC, later known as the Hana Student Suites, LLC ("HSS"). HSS was a member-managed entity and its sole member was 1138 Development Co., Inc., later known as Hawaiian Island Holdings Inc. ("HIHI"). Savio was the President of HIHI.

> 4. On October 21, 2005, HIHI, through its President (Savio) caused its subsidiary HSS to enter into a contract with CCHM to manage the Hana Property.

> . . . .

> 7. Savio through his real estate brokerage, Hawaiian Island Homes, Ltd ("HIHL") acted as a broker earning a sales commission upon Elda's acquisition of the Hana Property, which closed November 5, 2005. As a part of the acquisition of the Hana Property by Elda, Savio facilitated getting financing on the property, which required the Hana Property, be leased on a long term basis. Accordingly, Savio's wholly owned subsidiary HSS leased the property under the November 1, 2005 ground leased described in paragraph 3 above, which provided that HSS retain 6% of the gross revenues produced by the Hana Property while the remainder be tendered to Elda as rent. This "no risk", percentage rent structure is very much like the percentage of gross rental revenue structure that most property managers are compensated and is similar in payment terms to the subsequent property management agreement related to the Ohia Property.

> 8. Because Savio was acting as an agent in managing the Hana property, Elda only collected lease rent when there were net proceeds generated from the operation of the Hana

27

property. Further, Elda contributed funds to the property operation when there were not enough revenues to cover operational shortfalls. Elda did not charge HSS lease rent, when the proceeds from the Hana Property operations were insufficient to pay it without a capital contribution from Savio to HSS and which would have been due and owing had Savio through his subsidiary HSS acted solely as a lessee and not as Elda's Managing agent.

. . . .

13. Six months after the effective date of the Marketing and Leasing Agreement, CCHM entered into a management agreement, effective September 1, 2006, with Ohia Student Suites, LLC ("OSS") for the management of the Ohia Property. ("Ohia Agreement")(herein after, OSS and 1138 SS, discussed infra, will be collectively referred to as the "Savio Entities") . . .

. . . .

17. Savio, through HIHI also owned OSS exclusively and the company served as the landlord/agent with respect to all dorm leases for the Ohia property during the periods prior to August 2008.

18. KAD never gave OSS the right to serve as its leasing agent for the Ohia property and never entered into an agreement with OSS entitling OSS to lease the Ohia property.

19. During periods of the 2005 Agreement and the 2006 Agreement, CCHM took direction from KAD and Elda issued by among others, Marcus Fullard-Leo as one of the principals of the companies respectively.

20. In Summer 2008, CCHM requested and received payments from KAD and Elda for amounts allegedly due under the 2005 Agreement and the 2006 Agreement.

In addition, contrary to Century Campus's argument on appeal, the 2005 Hana and 2006 Ohia Agreements do not "unambigously" state that 1138 Student Suites and Ohia Student Suites are the owners of the Hana and Ohia Properties. Rather, the agreements use the term "Owner" as a term or convention to describe that party; neither agreement actually states that the respective Student Suites entity in fact owns the subject

28

property.[7]  Century Campus also argues that Appellants'
principal-agent theory fails as a matter of law because the 2005
Hana and 2006 Ohia Agreements both state that "Century [Campus]
shall be acting only as agent for Owner."  We cannot conclude
that this language is wholly inconsistent with Elda Hana and
Kuhio Avenue Development having a principal-agent relationship
with 1138 Student Suites and Ohia Student Suites with regard to
the subject agreements, which would permit the principal to sue
or be sued under Texas law.

As stated above, the Summary Judgment Order does not
address Appellants' argument that they are principals entitled to
enforce the 2005 Hana Agreement and 2006 Ohia Agreement entered
into by their alleged agents.  In the Clarification Order, the
Circuit Court also states that no principal-agent relationship
theory was pled in the Counterclaim.  We agree with the Circuit
Court that Defendants' memorandum in opposition to Century
Campus's summary judgment motion, and Defendants' oral argument
for that matter, poorly articulated their principal-agent theory,
but the factual support for this argument that was submitted with
Defendants' memorandum in opposition to Century Campus's summary

---

[7]     We also note that Peter's execution of the 2005 Hana and 2006 Ohia
Agreements, without reference to the capacity in which he is signing, adds
further ambiguity.  The subject agreements designate Peter as "the initial
Owner Representative," but expressly limit his authority to the specific
authority set forth in the agreements.  1138 Student Suites and Ohia Student
Suites both appear to be "LLCs" or limited liability corporations, but the
subject agreements do not identify Peter's authority or capacity to act on
behalf of those entities - in particular, Peter's authority to enter into
agreements on their behalf, which agreements grant Peter, at least initially,
substantial authority under the agreements.

judgment motion was significant.[8] As stated above, the issue on summary judgment is whether there is no genuine issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. . . . [W]e must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion." Nuuanu Valley Ass'n, 119 Hawai'i at 96, 194 P.3d at 537. Although the Circuit Court did not err in granting summary judgment on Defendants' third-party beneficiary theory, we conclude that there was a genuine issue of material fact as to whether Peter and/or 1138 Student Suites and Ohia Student Suites were acting as the agents of Elda Hana and Kuhio Avenue Development when Peter signed the 2005 Hana Agreement and the 2006 Ohia Agreement. Accordingly, we conclude that the Circuit Court erred in part in granting summary judgment as to Appellants' breach of contract claims in Counts III and IV, to the extent that doing so foreclosed reaching the merits of Defendants' claim that it was entitled to enforce the subject agreements based on agency.

---

[8] This should not be read as a determination that Defendants conclusively established a principal-agent relationship with respect to these agreements.

B.     The Motion to Amend

In the Motion to Amend (and subsequent related motions), Defendants sought to amend Counts I, II, III, IV, and V of the Counterclaim, and to add claims for fraud in the inducement, negligent misrepresentation, breach of fiduciary duties, and constructive fraud.[9]  In the November 10, 2014 Amended Order, the Circuit Court allowed Defendants to amend the Counterclaim with respect to Counts I and II, the breach of contract claims arising out of the 2008 Management Agreements, and Count V, the breach of the implied covenant of good faith and fair dealing claim to the extent arising out of the 2008 Management Agreements, but denied Defendants' motion with respect to the remaining requested amendments.

HRCP Rule 15(a) provides, in relevant part, that leave "shall be freely given" to a party to amend its pleading "when justice so requires."  Although the granting or denial of an amendment is discretionary, the Hawai'i Supreme Court has relied on the following statement of the U.S. Supreme Court:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. **If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.**  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought

---

[9]     The revised version of Defendants' proposed First Amended Counterclaim, which was attached to Defendants' reply memorandum, was referenced by the Circuit Court in the Amended Order and is the operative version of the proposed First Amended Counterclaim.

> should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Dejetley v. Kaho'ohalahala, 122 Hawai'i 251, 270, 226 P.3d 421, 440 (2010), quoting Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added by Hawai'i Supreme Court).

In Foman, the Supreme Court held that the court of appeals erred in affirming the denial of a motion to vacate a judgment to allow amendment of the complaint because, "[a]s appears from the record, the amendment would have done no more than state an alternative theory for recovery." Foman, 371 U.S. at 182. In Dejetley, citing Foman, our supreme court held that amendment to the complaint therein would "do no more than state an alternate theory for relief." Dejetley, 122 Hawai'i at 270, 226 P.3d at 440 (citation and internal quotation marks omitted). The supreme court rejected Kaho'ohalahala's assertion of prejudice and concluded that the circuit court otherwise based its denial on a wrong view of the law. Id. at 270-71, 226 P.3d at 440-41. Accordingly, the supreme court concluded that there was an abuse of discretion and reversed the lower court's order denying leave to amend. Id. at 271, 226 P.3d at 441.

Here, the Circuit Court enumerated eight grounds for rejecting further amendments to the Counterclaim, entered no findings thereon, and instead referenced the explanation and authorities presented in Century Campus's opposition. We address

32

these grounds in the context of the specific requested amendments.

1.    Breach of Contract Amendments

It appears that the first six grounds - improper circumvention of the court's prior rulings on summary judgment, law of the case, undue delay, inexcusable delay, undue prejudice to opposing party, and futility based on statute of limitations - are applicable to the Defendants' request to amend Counts III (breach of the 2006 Ohia Agreement) and IV (breach of the 2005 Hana Agreement) to more specifically reference their principal-agent theory.

Century Campus argued to the Circuit Court, and argues on appeal, that Appellants' request to amend Counts III and IV was simply an attempt to circumvent the court's summary judgment ruling and in contravention of the law of the case doctrine. However, as set forth above, the Circuit Court did not rule on the merits of Appellants' principal-agent theory or on whether there was a breach of contract. Instead, the Circuit Court rejected any substantive consideration of the agency argument, because it was poorly presented in the written opposition, and because it had not been specifically pled in the Counterclaim. The Circuit Court never considered the evidence supporting this theory that was submitted in opposition to the summary judgment motion. Like the amendments sought in Foman and Dejetley, the requested amendment to Counts III and IV "would do no more than state an alternate theory for relief." Dejetley, 122 Hawai'i at

33

270, 226 P.3d at 421 (citation to Foman and internal quotation marks omitted).

This case is distinguishable from Tokuhisa, 122 Hawaiʻi 181, 223 P.3d 246, which is cited by Century Campus on appeal. In Tokuhisa, this court upheld the denial of amendment of an unfair and deceptive trade practices (**UDAP**) claim. Id. at 191-95, 223 P.3d at 256-60. The original UDAP claim in Tokuhisa was that the defendants had unlawfully marketed and sold insurance without a proper certificate of insurance and a license to sell insurance. Id. at 184, 223 P.3d at 249. Summary judgment was granted to the defendants on the grounds that the Vehicle Theft Registration (**VTR**) system was not insurance as a matter of law. Id. at 191, 223 P.3d at 256. Thereafter, plaintiffs sought to amend to add a different UDAP claim, pertaining to the sales and marketing of the VTR system. Id. In that case, the court reached the merits of the claim that was originally pled and then plaintiffs sought to pursue a different UDAP claim. In this case, the Circuit Court never reached the merits of whether Century Campus breached the 2005 Hana Agreement and the 2006 Ohia Agreement. Instead, it ruled that Defendants could not assert the claims as third-party beneficiaries under Texas law. Unlike the plaintiffs in Tokuhisa, Defendants were not "afforded an opportunity to test [their] claim on the merits." Dejetley, 122 Hawaiʻi at 270, 226 P.3d at 421 (citation to Foman and internal quotation marks omitted).

34

Under the circumstances of this case, improper circumvention of summary judgment/law of the case does not justify denial of the amendments to Counts III and IV.

Century Campus also asserts that Defendants unduly and inexcusably delayed seeking the amendment and caused Century Campus undue prejudice. However, prejudicial or undue delay has generally been found in cases where the movant has waited multiple years or has repeatedly failed to cure deficiencies by amendments previously allowed. See, e.g., Adams v. Dole Food Company, Inc., 132 Hawai'i 478, 488, 323 P.3d 122, 132 (App. 2014) (no undue delay one year after filing of complaint); Arthur v. State, 135 Hawai'i 149, 169, 346 P.3d 218, 238 (App. 2015), vacated on other grounds, 138 Hawai'i 85, 377 P.3d 26 (2016) (this court found undue delay when there was a third request for leave to amend more than four years after the filing of the complaint). Here, similar to Adams, and unlike in Arthur, amendment was sought less than two years after the Counterclaim was filed and there were no previous amendment requests.

The prejudice argued by Century Campus and incorporated by reference by the Circuit Court was that Century Campus had been forced to file two summary judgment motions. On appeal, Century Campus argues that they had already conducted "targeted discovery on Appellants' claims related to the [2005 Hana and 2006 Ohia Agreements]" and then based on that discovery successfully prosecuted summary judgment. First, the claims of breach of contract by Century Campus have not changed; the only

35

change is whether Appellants can prosecute the claims as principals. So, any discovery regarding the underlying claims is still applicable to the defense on the merits of the claim. In addition, as noted above, the Circuit Court did not reach the merits of the breach of contract claims on the summary judgment motion. As such, we are not persuaded that Century Campus would suffer undue prejudice by having to face evidence and argument on the merits of Appellants' contract claims.

Finally, based on Century Campus's argument, the Circuit Court denied amendment of the contract claims arising out of the 2005 Hana and 2006 Ohia Agreements on the grounds of futility based on the statute of limitations. On appeal, Century Campus does not argue futility with respect to Counts III and IV. As argued by Appellants, the proposed amendments to Counts III and IV relate back to the date of the original pleading. See HRCP Rule 15(c)(2) (amendment relates back when "the claim . . . in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"). "The trial court abuses its discretion if it bases its ruling on an erroneous view of the law[.]" Dejetley, 122 Hawai'i at 270-71, 266 P.3d at 440-41 (citation omitted).

Accordingly, we conclude that the Circuit Court refused to grant leave to amend Counts III and IV without any justifying reason for the denial. Therefore, it abused its discretion. Id. at 270, 266 P.3d at 440, citing Foman, 371 U.S. at 182.

2.    Fraud, Negligent Misrepresentation, and
      Constructive Fraud Amendments

It appears that the first five and the seventh grounds
- improper circumvention of the court's prior rulings on summary
judgment, law of the case, undue delay, inexcusable delay, undue
prejudice to opposing party, and futility based on violation of
HRCP Rule 9(b) - are applicable to Defendants' request to add new
fraudulent inducement, negligent misrepresentation claims, and
constructive fraud claims.

In its original claim alleging fraudulent
representations, Count VI, Defendants alleged:

> 61.  [Defendants] incorporate all of the allegations
> set forth above as if fully stated herein.
>
> 62.    By virtue of the foregoing, [Century Campus] has
> made fraudulent representations to both [Kuhio Avenue
> Development and Elda Hana] concerning amounts owed by
> [Defendants] to [Century Campus].
>
> 63.    As a result of the above, [Defendants] have been
> damaged in amounts to be proven at trial and are entitled
> to, among other things, punative damages, prejudgment
> interest and attorneys' fees and costs.

The Circuit Court granted summary judgment in favor of
Century Campus and against Defendants on this claim, concluding
that "the [Defendants] have failed to present any evidence that
Century [Campus] made a false representation concerning the
amounts owed, and therefore, cannot satisfy the first element of
a fraud claim."[10]

Century Campus argued to the Circuit Court, and argues
on appeal, that Appellants' request to add new Counts VII (Fraud

---

[10]    The Circuit Court also noted that no fraud in the inducement claim
had been pled.

in the Inducement), VIII (Negligent Misrepresentation), XI and XII (Constructive Fraud) was an attempt to circumvent the court's summary judgment ruling and in contravention of the law of the case doctrine.  Unlike with Counts III and IV, the Circuit Court ruled on the merits of Count VI and determined that Defendants presented no evidence supporting their claim.  Unlike with Defendants' requested amendments to the breach of contract claims, after the summary adjudication dismissing its false representation claim, in the Motion to Amend, Defendants sought to raise completely different misrepresentation claims:  (1) a new Count VII, alleging that Century Campus fraudulently induced Defendants to enter into the 2008 Kuhio Agreement and 2008 Elda Agreement; (2) a new Count VIII, alleging, *inter alia*, that Century Campus negligently misrepresented that the deficient performance under the prior agreements was due to Peter's interference and would be corrected, that the dorms would be ready for the Fall 2008 school year, and that Century Campus's management of the properties would exceed industry standards; (3) a new Count XI, alleging, *inter alia*, that Century Campus engaged in fraudulent activities with respect to the 2008 Kuhio and Elda Agreements including charging its overhead, expenses related to other projects, corporate software, travel, and other improper expenses to the subject properties' operations; and (4) a new Count XII, alleging fraudulent activities including misallocation of charges with respect to the 2006 Ohia Agreement.  Again, Century Campus asserted that it had conducted "targeted

depositions" to explore the factual viability of Defendants' fraud claim. Unlike with the discovery concerning Defendants' breach of contract claims in Counts III and IV, discovery concerning Defendants' original fraud claim would have little or no applicability to the proposed new claims.

We conclude that Defendants' request to add new and different misrepresentation claims after its original claims were dismissed on summary judgment is much like the Tokuhisa plaintiffs' attempt to add a new and different UDAP claim. Indeed, as in Tokuhisa, the Circuit Court here reached the merits of the misrepresentation claim that was originally pled before Defendants sought to pursue different misrepresentation claims. Like the plaintiffs in Tokuhisa, Defendants were "afforded an opportunity to test [their] claim on the merits." Cf. Dejetley, 122 Hawai'i at 270, 226 P.3d at 421 (citation to Foman and internal quotation marks omitted).

Therefore, under the circumstances of this case, we conclude that the Circuit Court did not abuse its discretion in denying Defendants' request to add four new misrepresentation claims. Accordingly, we need not reach the other grounds relied on by the court.

### 3. Fiduciary Duty Amendments

It appears that the third, fourth, fifth, and eighth grounds – undue delay, inexcusable delay, undue prejudice to opposing party, and futility based on lack of an actionable claim

- are applicable to Defendants' request to add new Counts IX and X, breach of fiduciary duty claims.

Century Campus argued, and the Circuit Court concluded in part, that Defendants' request to add breach of fiduciary duty claims were not actionable because Century Campus never acted in a fiduciary capacity for Defendants. Century Campus has cited no cases or other legal authorities to support this assertion, either before the Circuit Court or on appeal, instead arguing "Century [Campus] is not aware of any case law supporting the proposition that the two contracting parties in an arms-length transaction of property management services are in a fiduciary relationship." Appellants cite a single case, an appeal from a bankruptcy court's finding that a debt was, in part, nondischargeable because "1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created." In re Niles, 106 F.3d 1456, 1459 (9th Cir. 1997). However, in that case, there was no dispute that an express trust existed and that the debtor was acting as a fiduciary with respect to a property management account because the debtor was acting in her capacity as a licensed real estate broker and California law imposes a fiduciary duty. Id.

Under Hawai'i law, to claim breach of fiduciary duty, a plaintiff must show that a fiduciary relationship existed between the parties, the defendant breached a fiduciary duty to the plaintiff, and the breach proximately caused injury to the

plaintiff. See Meheula v. Hausten, 29 Haw. 304, 314 (Haw. Terr. 1926). This case is distinguishable from the case relied on by Appellants, which relied on California law imposing a fiduciary duty on a licensed broker. Appellants present no other support for their claim that a fiduciary duty, in addition to a contractual duty, arose out of the parties' contractual relationship in this case. We cannot conclude that the Circuit Court's denial was based on an erroneous view of the law. Thus, we conclude that the Circuit Court did not abuse its discretion in denying Appellants' request to add new breach of fiduciary duty claims.

C.   Attorneys' Fees and Costs Appealed in CAAP-15-0000470

Appellants argue that Century Campus's Motion for Fees and Costs was deemed denied by operation of law under HRAP Rule 4(a)(3). At the time Century Campus filed its Motion for Fees and Costs, HRAP Rule 4(a)(3) provided:[11]

> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after the entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of [the post-judgment tolling motion] regardless of when the notice of appeal is filed." Buscher v. Boning, 114

---

[11]   HRAP Rule 4(a)(3) was subsequently amended on June 4, 2015 and March 7, 2016.

41

Hawaiʻi 202, 221, 159 P.3d 814, 833 (2007). Furthermore, a post-judgment motion is deemed denied when the trial court fails to enter an order on the motion within ninety days after the filing of the motion. Cty of Haw. v. C & J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 367, 198 P.3d 615, 630 (2008).

In the instant case, the Circuit Court entered the Judgment on December 22, 2014. Century Campus filed its Motion for Fees and Costs on January 2, 2015. Under HRAP Rule 4(a)(3), the Circuit Court had ninety days or until April 2, 2015, to dispose of the motion. See HRAP Rule 26. However, the Circuit Court did not enter its Order Granting Fees until April 16, 2015. Under the plain language of HRAP Rule 4(a)(3), the Motion for Fees and Costs was deemed denied on April 2, 2015. As such, the April 16, 2015 Order Granting Fees was a nullity for the purposes of awarding fees and costs. See In re Int'l Union of Painters & Allied Trades, Painters Local Union 1791 v. Endo Painting Serv. Inc., Nos. CAAP-12-0000661, CAAP-12-0001094, CAAP-13-0000187, 2015 WL 3649836 at *4 (Haw. App. June 10, 2015) (mem. op.).

On appeal, Century Campus argues that the Circuit Court retains jurisdiction to enter an order disposing of a post-judgment motion after the ninety day deadline under Ass'n of Condominium Homeowners of Tropics at Waikele v. Sakuma, 131 Hawaiʻi 254, 256, 318 P.3d 94, 96 (2013). In Sakuma, the appellant filed a post-judgment motion for reconsideration on June 7, 2012. Id. at 255, 318 P.3d at 95. The circuit court did not dispose of the motion for reconsideration within ninety days.

42

Id. The ICA determined that the motion for reconsideration was deemed denied under HRAP Rule 4(a)(3) on September 5, 2012. Id. The ICA concluded that appellant's notice of appeal was untimely because it was not filed within ninety days of the deemed denial of the motion. Id. The supreme court vacated the ICA's dismissal order. Id. at 256, 318 P.3d at 96. The supreme court held that "when a timely post-judgment tolling motion is deemed denied, it does not trigger the thirty-day deadline for filing a notice of appeal until entry of the judgment or appealable order pursuant to HRAP Rule 4(a)(1) and 4(a)(3)." Id. at 256, 318 P.3d at 96. The supreme court did not disagree with the ICA's determination that a motion is deemed denied when the circuit court fails to dispose of the motion within ninety days. Id. at 255-56, 318 P.3d at 95-96. Rather, the supreme court clarified that the deadline for filing a notice of appeal is triggered by the filing of an entry or order, and not by the deemed denial of a post-judgment motion. There is nothing in Sakuma to suggest that a trial court may grant a post-judgment motion after it has been deemed denied under HRAP Rule 4(a)(3). As such, we are not persuaded by Century Campus's reliance on Sakuma.

Based on the foregoing, we vacate the April 16, 2015 Order Granting Fees. Accordingly, we need not address the

parties' remaining arguments regarding the award of attorneys' fees and costs.[12]

V.    CONCLUSION

For these reasons, and as more specifically set forth above, the Circuit Court's December 22, 2014 Judgment is affirmed in part and vacated in part, the Amended Order is affirmed in part and vacated in part, and the Order Granting Fees is vacated. This case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, January 31, 2018.

On the briefs:

R. Laree McGuire,
Linda E. Ichiyama,
(Jennifer M. Porter,
with them on the briefs
in No. CAAP-15-0000020),
(Porter McGuire Kiakona &
  Chow, LLP),
for Defendants/Counterclaim
  Plaintiffs-Appellants.

Randall K. Schmitt,
Jesse J.T. Smith,
(McCorriston Miller Mukai
  MacKinnon LLP),
for Plaintiff/Counterclaim
  Defendant-Appellee.

_____
Presiding Judge

_____
Associate Judge

_____
Associate Judge

---

[12]    This court's conclusion that the Order Granting Fees was deemed denied should not be construed as deciding whether the Order Granting Fees was otherwise infirm or premature or as precluding the Circuit Court from reconsidering the Order Granting Fees on other grounds.